ANDERSON & CONN *v.* A. G. FOLGER, Master of Steamer Illinois Belle, and Owners.

No protest is necessary where the drawer of the bill has no funds in the hands of the drawee, and made no provision for its payment, nor had any right to expect that a bill for the amount would be accepted.

There is no law which makes an election day a *dies non juridicus.*

Where the answer shows that the bill was drawn to release the boat from a seizure, it is too late to object that the captain of the steamboat was without authority to draw the bill.

The fifth section of the Act of 1855, "relative to evidence," does not empower the courts of this State to take judicial notice of the statutes of other States. It provides, " that the published statutes and digests of other States, shall be *received* in the courts of this State as *prima facie* evidence of the statute laws of the States from which they purport to emanate."

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.
*Larue & Whittaker,* for plaintiffs. *Mott & Fraser,* for defendants and appellants.

SPOFFORD, J. The defendants have appealed from a judgment rendered against them as the drawers of a protested bill of exchange, drawn at St. Louis, Missouri, upon a house in Memphis, Tennessee.

1. They complain that they had no notice of protest. None was necessary,

as it is proved that they had not funds to meet the bill in the hands of the drawee, and made no provision for its payment, and it is not shown that they had any right to expect that a bill for such an amount would be accepted.

2. They complain that the cause was tried on an election day in the absence of their counsel. The cause was duly called for trial, and we have been referred to no law declaring an election day a *dies non juridicus*.

3. It is urged, that judgment was erroneously rendered against the owners of the steamer Illinois Belle, because no proof was administered to show that *Captain Folger*, who drew the bill for their account, was empowered so to do, or that the proceeds enured to the benefit of the boat. We regard this defence as inconsistent with the answer which was filed for all the defendants jointly, and which shows that the bill was drawn for the purpose of releasing the boat from a seizure.

4. Finally, it is contended, that damages were allowed at the rate of ten per cent. and interest at the rate of six per cent., without any legal proof that such damages and interest were due by the law of Missouri. The plaintiffs reply, by referring us to a certain edition of the revised statutes of Missouri, an extract from which, they say, was read to the court *a quâ*. The record, certified to contain a transcript of all the documents filed and testimony adduced, does not show that this law was offered in evidence. We do not understand the fifth section of the Act of March 14th, 1855, "relative to evidence" (Acts 1855, p. 209), as empowering the courts of this State to take judicial notice of the statutes of other States. The section referred to declares, "that the published statutes and digests of other States, shall be *received* in the courts of this State as *prima facie* evidence of the statute laws of the States from which they purport to emanate." The object of this law was to dispense with the necessity of procuring written exemplification of the statutes of our sister States.

In the absence of any minute in the record, showing that the statute of Missouri was offered in evidence, and of any agreement of counsel relative thereto, we do not feel at liberty to resort to a digest of the local laws of Missouri to determine the question of interest and damages.

We will rather presume their law to accord with our own, which, in analogous cases, allows five per cent. as damages, the interest to be computed upon the amount of the principal and damages from the date of protest.

It is therefore ordered, that the judgment of the District Court be reversed; and it is now ordered, adjudged and decreed, that the plaintiffs recover of the defendants *in solido*, the sum of twenty-three hundred and ten dollars, with five per cent. interest thereon, from the 22d of December, 1854, until paid, and the costs of suit in the District Court, with privilege upon the property attached. It is further ordered and decreed, that the costs of this appeal be paid by the plaintiffs and appellees.